**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| ESTATE OF JAMIE E. MOORE, by Bayleah Moore, as Personal Representative of the Estate, and on behalf of the Survivors, <br><br>     Plaintiff, <br><br> v. <br><br> VERMILION COUNTY, VERMILION COUNTY SHERIFF PATRICK HARTSHORN, VERMILION COUNTY DEPUTIES FOX, ROBINSON, WALWORTH, PROOTER, INGRAM, and YOUNG, <br><br>     Defendants. | CASE NO.  19-CV-2209 |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff Bayleah Moore is the duly appointed Personal Representative of the Estate of Jamie E. Moore, having been appointed Personal Representatives by the Probate Division of the Circuit Court of Vermilion County, in Case No.: 19-P-135. This action is brought by Bayleah Moore, as daughter of Jamie E. Moore, in her capacity as Personal Representative of the Estate of Jamie E. Moore, on behalf of the Estate of Jamie E. Moore, and on behalf survivors including Jamie E. Moore's two minor children.

5.      At times material to this action, Jamie E. Moore, Plaintiff's decedent, was a pre-trial detainee confined in Vermilion County Jail, Danville, Illinois, a correctional facility maintained by Defendant PATRICK HARTSHORN ("Defendant HARTSHORN").

1

At all relevant times, Defendant HARTSHORN was the duly elected sheriff of Vermilion County and chief administrator of the Vermilion County Jail. At all relevant times, he was acting under color of law and in the course and scope of his employment as the agent, servant, and an official policymaker for Defendant VERMILION COUNTY on issues relating to care of prisoners in Vermilion County Jail and the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit, and as the County's chief law enforcement officer. Defendant HARTSHORN was the commanding officer of all Vermilion County sheriff's deputies, correctional officers, and jail employees, and he was responsible for their training, supervision, and conduct. He is sued in his official capacity.

7.      Defendant VERMILION COUNTY is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

8.      At times material to this complaint, Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG were correctional officers in the Vermilion County Jail who were responsible for the well-being and safety of detainees, including doing cell checks on prisoners in isolation and responding to requests for medical attention. At all times material to this action, Jamie E. Moore was a detainee subjected to the care, custody and control of Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG while he was housed in Vermilion County Jail. Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG are employed by Tazewell County.

9.      Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG are sued in their individual capacities.

**Facts**

10.      On August 1, 2018, Jamie E. Moore was a pre-trial detainee at the Vermilion County Jail.

11.      Around 3:00 p.m. on August 1, 2018, the sewer line in the K-Block in the Vermilion County Jail became backed up.

12.      Maintenance staff arrived in K-Block to clean the cell block and unclog the drain.

2

The maintenance staff needed some of the detainees moved out of their cells.

14.    Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG responded to help move detainees.

15.    During their response, Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG battered Jamie E. Moore while attempting to move him from his cell.

16.    Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG were aware that Jamie E. Moore had a prior heart condition, as he was previously taken to an outside hospital for chest pains and elevated blood pressure.

17.    During the altercation, Jamie E. Moore was struck in the face multiple times.

18.    Defendant WALWORTH also tased Jamie E. Moore.

19.    After Jamie E. Moore was beaten and tased, he was thrown into an isolation cell.

20.    Jamie E. Moore was bleeding from the head after getting beaten and tased.

21.    While the beating was occurring, Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG had an opportunity to stop the beating by fellow correctional officers but failed to do so.

22.    After the beating, Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG did not get any medical attention for Jamie E. Moore.

23.    Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG did not have any medical personal examine Jamie E. Moore after he was tased though they were aware he had a pre-existing heart condition.

24.    Within a few hours after being placed into the isolation cell, Jamie E. Moore died.

25.    Jamie E. Moore was only 42 years-old at the time of his death.

26.    Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

27.    As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress and pecuniary damages including medical expenses.

## COUNT I
## (42 U.S.C. § 1983 – Excessive Force)

28.     Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

29.     Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## (42 U.S.C. § 1983 – Failure to Intervene)

30.     Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

31.     While Jamie E. Moore was subjected to excessive force, Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG had an opportunity to intervene, but chose not to intervene.

32.     Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG were deliberately indifferent to Jamie E. Moore's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

4

## COUNT III
### (42 U.S.C. § 1983 – Denial of Medical Attention)

33.     Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

34.     Plaintiff had a serious medical need regarding his health, including his heart condition after being tased.

35.     Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG were deliberately indifferent to Jamie E. Moore's serious medical need.

36.     Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG were aware of a substantial risk of harm to Jamie E. Moore's health and Defendants disregarded this risk by failing to take reasonable measures to address it.

37.     After the Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG beat Jamie E. Moore and Defendant WALWORTH tased Jamie E. Moore, they threw him in an isolation cell without medical clearance, denying Jamie E. necessary medical attention.

38.     Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG's deliberate indifference caused harm to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – *Monell* Claim against the SHERIFF PATRICK HARTSHORN)

39.     Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

40.     At all times material to this Complaint, there existed in the following practices, policies and customs within the Vermilion County Jail:

a.     arbitrary use of excessive force against pretrial detainees;

b.     failure to deter sheriff's deputies from the type of misconduct alleged in this Complaint, by its lack of discipline for misconduct, and defective investigations.

c.     failure to provide proper medical attention for pretrial detainees

        d.      failure to properly train sheriff's deputies in how to handle pretrial with known heart conditions.

41.    For example, one or more policymakers were made aware of the misconduct which led to the following lawsuits:

        a.      *Jones v. Hartshorn*, No. 15-CV-2032, 2017 WL 3140360, at \*4 (C.D.Ill. July 24, 2017) (summary judgment is denied to Defendant Vermilion County jail guard on Plaintiff's claims arising from plaintiff's dermatitis, tooth decay, and alleged rectal bleeding during his 2013 detention in the Vermilion County Jail).

        b.      *Jones v. Vermilion Cty. Jail*, No. 15-CV-2032, 2015 WL 9217110, at \*1 (C.D. Ill. Dec. 17, 2015) (allowing detainee's claims of inadequate medical care to proceed when detainee was not given treatment for serious   medical conditions like diabetes, heart disease, dermatitis, rectal bleeding, and tooth decay).

        c.      *Cox v. Hartshorn*, 503 F. Supp. 2d 1078 (C.D. Ill. 2007) (alleging that jail officials refused to provide him adequate medical care).

        d.      *Catron v. Vermilion County Jail*, No. 2:13-cv-02271-HAB (filed Dec. 10, 2013) (alleging jail officials refused to fill his prescription for pain killers to address his chronic pain based on Defendant Hartshorn's policy).

        e.      *Hayes v. Hartshorn*, No. 05-2282, 2009 WL 722579 (C.D. Ill. Mar. 17, 2009) (alleging that that Nurse Galloway and Defendant Hartshorn failed to provide adequate medical care).

        f.      *Smith v. Hartshorn*, No. 09-2142, 2009 WL 2195909 (C.D. Ill. July 14, 2009) (alleging that jail medical staff and Defendant Hartshorn failed to provide prompt treatment after plaintiff cut his elbow).

        g.      *Williams v. Lewellyn*, No. 15-CV-2254, 2015 WL 6689643 (C.D. Ill. Nov. 2, 2015) (alleging that jail personnel failed to provide medical treatment after jail guards injured plaintiff arm).

        h.      *Dorris v. Hartshorn*, No. 08-CV-2041, 2009 WL 2431310 (C.D. Ill. Aug. 6, 2009) (alleging that jail staff unconstitutionally denied plaintiff medical care).

      i.     *Miller v. Hartshorn*, No. 18-CV-2050-CSB-EIL (filed Feb. 9, 2018)(alleging that jail personnel refused to render medical aid or call an ambulance for a mother that delivered an infant into a toilet bowl).

42.      The actions of the correctional officers as alleged in this Complaint were done pursuant to, and as a result of the above *de facto* practices, policies and customs.

43.      Defendant HARTSHORN has final policy-making authority and is responsible for the above-described policies, practices and customs.

44.      The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the policymakers of Vermilion County Jail.

45.      Defendant HARTSHORN acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

46.      By his inaction and failure to correct the above-described practices, policies and customs, Defendant HARTSHORN tacitly approved and thus indirectly authorized the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)      Enter judgment against Defendant HARTSHORN;

    b)      Award Plaintiff compensatory damages, as determined at trial;

    c)      Award Plaintiff attorney's fees and costs;

    d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Battery)

47.      Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

48.      Defendants FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG beat Jamie E. Moore and Defendant WALWORTH and tased him.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against FOX, ROBINSON, WALWORTH, PROOTER, INGRAM and YOUNG,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Claim for Wrongful Death)

49.     Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

50.     Jamie E. Moore was is survived by his daughter, Bayleah Moore, and his two minor children, whom constitute his heirs under Illinois law.

51.     Decedent Jamie E. Moore was officially pronounced dead on August 1, 2018

52.     The wrongful death of Jamie E. Moore was proximately caused by the neglect, default, and/or willful and wanton conduct of the Defendants, as described above, in violation of 740 ILCS § 180/1.

53.     VERMILION COUNTY and HARTSHORN's employees failed to properly monitor and/or report the declining health of Mr. Moore

54.     VERMILION COUNTY and HARTSHORN's employees' wrongful conduct was the direct and proximate cause of injury and damage to Mr. Moore and his estate.

55.     As next of kin, the heirs of Mr. Moore have lost and will continue to lose pecuniary support, consortium, society, companionship as well as the love and affection of their cherished father and have incurred funeral and burial experiences as a proximate result of his wrongful death.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against VERMILION COUNTY and HARTSHORN,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

8

## COUNT VII
### (State Law *Survival Act*)

56.     Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

57.     As a further direct and proximate result of all the aforementioned Defendants' willful a nd wanton conduct and/or omissions, Mr. Moore suffered serious injuries, including but not limited to severe pain and prolonged suffering prior to his death, subjecting Defendants to liability pursuant to the Illinois Survival Act, 735 ILCS 5/27-6.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendants,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law *Respondeat Superior* Claim)

58.     The acts of the Defendants described in the above state-law claim for battery and wrongful death were willful and wanton, and committed in the scope of her employment.

59.     Pursuant to *respondeat superior*, Defendant HARTSHORN is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant PATRICK, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

60.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

61.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VERMILION COUNTY is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant VERMILION

COUNTY to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,


/s/ Louis J. Meyer
*Counsel for the Plaintiff*


Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
311 W. Stratford Drive
Peoria, IL 61614
t. 309.713.3751
f. 312.585.7803